DANIEL S. PEARSON, Judge.
We affirm the summary final judgment in favor of Proprietors Insurance Company, issuers of an aircraft hull and liability poli *464 cy. The policy, under which Kohler and Poteet, co-owners of the aircraft, claimed a loss when the aircraft was taken by one Stiller,[1] excluded from coverage any operation of the aircraft “for which a charge is made.” It is undisputed that Kohler and Poteet required Stiller to make an hourly payment of $125.00 for use of the plane. The agreed-upon payment was a prerequisite to the use of the plane, not a gratuitous reimbursement of flight expenses, compare Pacific Indemnity Company v. Acel Delivery Services, Inc., 485 F.2d 1169 (5th Cir. 1973), cert. denied, 415 U.S. 921, 94 S.Ct. 1422, 39 L.Ed.2d 476 (1979), with Houston Fire & Casualty Insurance Co. v. Ivens, 338 F.2d 452 (5th Cir. 1964), and Fidelity & Casualty Co. of New York v. Marion L. Crist & Associates, Inc., 248 Ark. 1010, 455 S.W.2d 904 (1970), and, therefore, a charge within the language of the policy. That the required charge was to be paid to a third-party charitable organization does not affect the result. See Restatement of Contracts § 75(d)(2) (1932); Guaclides v. Kruse, 67 N.J.Super. 348, 170 A.2d 488 (1961).
In light of this disposition, we find it unnecessary to address whether the loss claimed was otherwise excluded from coverage.
Affirmed.

. Stiller went south with the plane: according to Kohler and Poteet, figuratively, see H. Went-worth and S. Flaxner, Dictionary of American Slang (2d Supp.Ed.1975), p. 505; according to Stiller, literally (the plane was seized in Barranquilla by Colombian authorities).